UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ABN AMRO MORTGAGE GROUP, INC.,        NOT FOR PUBLICATION

    Plaintiffs,

                                      **ORDER**
                                      04-CV-0518 (KAM)
v.

EDDIE RODRIGUEZ, ET AL

    Defendants.                                DOCKET & FILE
------------------------------------------------------X

### AMENDED JUDGMENT OF FORECLOSURE BY SALE ON CONSENT ON COMPLAINT FOR FORECLOSURE AND DISMISSAL OF COUNTERCLAIMS FILED AGAINST ABN AMRO MORTGAGE GROUP, INC.

On the Summons, Complaint and Notice of Pendency duly filed in this action in the Office of the County Clerk of the County of Queens on November 17, 2003, and all proceedings thereon; and the Affidavits of Service, completed by various individuals, dated November 25, 2003, November 26, 2003, December 1, 2003, December 2, 2003, December 2, 2003, December 9, 2003, December 10, 2003, with exhibits annexed, showing that all the Defendants herein have been duly served within this State with the Summons in this action, or have voluntarily appeared by their respective attorneys; and on the proof of service upon and appearance by the Defendant(s) herein heretofore filed in this action; and stating that more than the legally required number of days have elapsed since said Defendants were so served; the Defendant, Eddie Rodriguez, filed an answer, defenses and counterclaims dated December 18, 2003, and the action was removed to the Eastern District of New York by Notice of Removal dated December 18, 2003 filed by the US Department of Housing and Urban Development;

That the Defendant, Eddie Rodriguez, stipulates to a Judgment of Foreclosure by

sale, in accordance with the attached settlement agreement, which is incorporated by reference herein as exhibit "A", which was executed in counterparts;

On the Order of Reference dated October 24, 2008 appointing Paul Sklar as Referee in this action to ascertain and compute the amount due, and to examine the Plaintiff or its agent under oath as to the allegations contained in the Complaint, and to examine and report whether the mortgage premises should be sold in one or more parcels; and on reading and filing the Oath and Report of the aforesaid Referee sworn to and dated October 23, 2009, it appears that the sum of $466,003.00 was due the Plaintiff, as of August 6, 2009, plus a per diem interest for every day thereafter and escrow advances from September 1, 2008, on the date of said report and that the mortgaged premises should be sold in one parcel, and after due deliberation having been had thereon; and upon reading and filing the Judgment and Stipulation of foreclosure;

NOW, on motion of Geoffrey Milne, of Hunt Leibert & Jacobson, PC, attorneys for plaintiff, it is

ORDERED, ADJUDGED AND DECREED, that the report of Paul Sklar, Esq. dated October 23, 2009, be, and the same is hereby, in all respects, ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged premises, described in the Complaint and commonly known as 105-41 86th Street, Ozone Park, N.Y., a description of which is annexed hereto and made a part hereof as Schedule "A", or such part thereof as may be sufficient to discharge the mortgage debt under the note and mortgage, the expenses of sale and the costs of this action as provided by the Real Property Actions and Proceedings law be sold, in one parcel, at public auction within the Eastern District of New York at said mortgaged premises, 105-41 86th Street, Ozone Park, N.Y., at 11:00 A.M., or such other

location within the Eastern District of New York designated by the Referee, on a Friday, by and under the direction of Paul Sklar, Esq., who is hereby appointed referee for that purpose; in the absence of the designated Referee, the Court will designate a substitute Referee forthwith; that said Referee give public notice of the time and place of such sale in accordance with law, practice of this Court and New York state law and that the Plaintiff or any other parties to this action may become the purchaser or purchasers at the said sale; that in case the Plaintiff shall become the purchaser at the said sale, they shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that in the event a party other than the Plaintiff becomes the purchaser or purchasers at such sale, they shall be required to tender a deposit of 10% of the purchase price in certified funds payable to the Referee and the closing of title shall be thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED and DECREED, that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in a segregated attorney escrow account designated for that purpose, and it is further

ORDERED, ADJUDGED and DECREED, that said Referee, upon receiving the proceeds of the sale, shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may lawfully have accrued thereon to the day of payment; and it is further

ORDERED that the Referee shall pay therefrom:

FIRST: The statutory fees of the Referee in the sum of $<u>500.00</u>.

SECOND: The expenses of the sale and advertising expenses as shown on bills

presented to and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale.

THIRD: Said Referee shall also pay to the Plaintiff, or Plaintiff's attorney, the sum of $38,193.92 to be determined by the Clerk and adjudged to the Plaintiff for costs and disbursements in this action to be taxed by the Clerk and inserted herein, with interest thereon from the date hereof, and also the sum of $ 466,003.00 the said amount so reported due as aforesaid, together with interest thereon from August 6, 2009 the date interest was calculated to in said report at the statutory rate, or so much thereof as the purchase money of the mortgaged premises will pay the same, together with any advances necessarily paid by the Plaintiff for taxes, fire insurance, principal and interest to prior mortgages to preserve and or maintain the premises not previously included in any computations, upon presentation of receipt for said expenditure to the Referee, together with $38,193.92 hereby awarded to the Plaintiff as reasonable legal fees herein, together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, principal and interest and any other charges due to prior mortgages, or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation and upon presentation of receipts for said expenditure to the Referee, all together with interest thereon pursuant to the note and mortgage.

FOURTH: If such Referee intends to apply for a further allowance for his/her fees, he/she may leave upon deposit such amount as will cover such additional allowance, to await the further order of this Court thereon after application duly made upon due notice of those parties entitled thereof.

That in case the Plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchasers at said sale and the terms of sale under this judgment

shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff, or it's assignee, a deed or deeds of the premises sold upon the payment to the said Referee of the amounts specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments, sewer rents and water rates and interest or penalties thereon, or, in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the plaintiff for Referee's fees, advertising expenses, taxes, assessments, sewer rents and water rates shall be allowed to the Plaintiff and applied by said Referee upon the amounts due to Plaintiff as specified in item marked "THIRD"; that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to the said Referee, upon delivery to Plaintiff of said Referee's deed, the amount of such surplus; that said Referee, upon receiving said several amounts from the Plaintiff, shall forthwith pay therefrom said taxes, assessments, sewer rents, and water rates, with interest or penalties thereon, unless the same shall have already been paid, and shall then deposit the balance.

The said Referee shall take the receipt of the Plaintiff or the attorneys for the Plaintiff, for the amounts paid as hereinbefore directed, in item marked "THIRD" above, and file it with his/her report of sale; that he/she deposit the surplus monies, if any, with the Clerk in the Eastern District of New York within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on the order of this Court, signed by a Judge of this Court. The Referee shall make his/her report of such sale under oath showing the disposition

of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made, and shall file it with the clerk of the Eastern District of New York within thirty days of completing the sale and executing the proper conveyance to the purchaser, that if the proceeds of such sale be insufficient to pay the amount so reported due to the Plaintiff with interest and costs as aforesaid, the said Referee shall specify the amount of such deficiency in his/her report of sale; that the Plaintiff shall recover of the Defendant(s), Eddie Rodriguez, Luis Rodriquez the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied, after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof determined and awarded by an order of this Court as provided for in said section; and it is further

ORDERED, ADJUDGED and DECREED, that the purchaser or purchasers at said sale be let into possession on production or delivery of the Referee's deed or deeds; and it is further

ORDERED, ADJUDGED AND DECREED, that each and all of the Defendants in this action and all persons by, through or claiming under them or any or either of them, after the filing of the notice of pendency of this action, be and they hereby are forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in said mortgaged premises, and each and every part thereof; and it is further

ORDERED, ADJUDGED AND DECREED, that the said premises[1] is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of

---

[1] Said premises commonly known as 105-41 86th Street, Ozone Park, NY. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

the premises would disclose; any state of fact that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior, liens of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law; any equity of redemption of the UNITED STATES OF AMERICA, to redeem the premises within 120 days from the date of sale; and it is further

ORDERED, ADJUDGED AND DECREED that if the Referee appointed herein is disqualified from receiving an appointment, the Referee shall notify the Appointing Judge forthwith.

Dated: March 1, 2010
Brooklyn, New York

ENTER:

_____
Hon. Kiyo A. Matsumoto
United States District Court Judge